## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLA VARGAS** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO:** _____ |
| | : | |
| **City of Philadelphia, Symir Yaseen** | : | Formerly |
| **Jackson, P/O Stewart Mills IV** | : | |
| **P/O Michael Morris, P/O Jeffrey** | : | |
| **Zamborowski, P/O Erik Romanczuk,** | : | |
| **John Doe(s) 1-3** | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **February Term, 2025** |
| **Defendants** | : | **No. 250200130** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## <u>NOTICE OF REMOVAL</u>

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendant, City of Philadelphia (hereinafter "petitioner"), through its counsel, Derek Kane, Deputy City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendant state the following:

1.    On January 31, 2025 the plaintiff initiated this action by Writ of Summons in the Court of Common Pleas in Philadelphia, February Term, 2025; No. : 250200130. (Exhibit "A.")

2.    On April 14, 2025 the plaintiff filed the Complaint in this action. (Exhibit "B.")

3.    In Count I of the Complaint, the plaintiff seeks relief against the petitioner under 42 U.S.C. § 1983 for creating a "a state-created danger" and for "violat[ing] Plaintiff's rights as guaranteed by the United States Constitution." See Exhibit B, ¶¶65, 68. In Count II, plaintiff seeks relief against the petitioner 42 U.S.C. § 1983 under a *Monell* theory for "causing a violation of Plaintiff's rights under the Constitution." See Exhibit B, ¶73.

4.      28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.      The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

6.      Defendants SYMIR YASEEN JACKSON, P/O STEWART MILLS, IV, P/O MICHAEL MORRIS, P/O JEFFERY ZAMBOROWSKI and P/O ERIK ROMANCZUK have not been served process, and so their consent is not required for this removal according to 28 U.S.C. § 1446(b)(2)(a).

7.      True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "C," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

8.      In filing this Notice of Removal, the petitioners do not waive any available defenses in this action.

**Wherefore,** petitioner, City of Philadelphia respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

BY:    */s/ Derek Kane*
**Derek Kane**
**Deputy City Solicitor**
**Attorney I.D. No. 316941**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5374

Date:  May 1, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLA VARGAS** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO:** _____ |
| | : | |
| **City of Philadelphia, Symir Yaseen** | : | Formerly |
| **Jackson, P/O Stewart Mills IV** | : | |
| **P/O Michael Morris, P/O Jeffrey** | : | |
| **Zamborowski, P/O Erik Romanczuk,** | : | |
| **John Doe(s) 1-3** | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **February Term, 2025** |
| **Defendants** | : | **No. 250200130** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## NOTICE OF FILING OF REMOVAL

TO:    Jared S. Zafran, Esquire
       1500 Walnut Street, Suite 500
       Philadelphia, PA 19102

PLEASE TAKE NOTICE THAT on May 1, 2025 the defendant, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*/s/ Derek Kane*
**Derek Kane**
**Deputy City Solicitor**
**Attorney I.D. No. 316941**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5374

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLA VARGAS** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO:** _____ |
| | : | |
| **City of Philadelphia, Symir Yaseen** | : | Formerly |
| **Jackson, P/O Stewart Mills IV** | : | |
| **P/O Michael Morris, P/O Jeffrey** | : | |
| **Zamborowski, P/O Erik Romanczuk,** | : | |
| **John Doe(s) 1-3** | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **February Term, 2025** |
| **Defendants** | : | **No. 250200130** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## CERTIFICATE OF SERVICE

I, Derek Kane, Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiff's attorney on the date indicated below via email:

TO:   Jared S. Zafran, Esquire
      1500 Walnut Street, Suite 500
      Philadelphia, PA 19102

*/s/ Derek Kane*_____
**Derek Kane**
**Deputy City Solicitor**
**Attorney I.D. No. 316941**

Date: May 1, 2025

Exhibit "A"

**ZAFRAN LAW GROUP**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500          **MAJOR CASE**
Philadelphia, PA  19102
Phone: 215-587-0038
Email: jared@zafranlaw.com               Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
31 JAN 2025 03:12 pm
L. BREWINGTON

---

| | | |
|---|---|---|
| CARLA VARGAS | : | COURT OF COMMON PLEAS |
| 911 Longshore Avenue | : | PHILADELPHIA COUNTY, PA |
| Philadelphia, PA 19111 | : | CIVIL ACTION |
| *Plaintiff* | : | |
| vs. | : | January Term, 2025 |
| | : | |
| CITY OF PHILADELPHIA | : | No.: _____ |
| Risk Management Division – Claims Unit | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| *Defendant* | : | |

---

### PRAECIPE TO ISSUE SUMMONS

**TO THE PROTHONOTARY:**

Kindly issue a Writ of Summons to Defendant, City of Philadelphia, in the above-captioned case.

                              **ZAFRAN LAW GROUP**

                              BY:    __/s/ Jared S. Zafran, Esq._____
                                     JARED S. ZAFRAN, ESQUIRE
                                     1500 Walnut Street, Suite 500
                                     Philadelphia, PA 19102
                                     (215) 587-0038

Date: January 31, 2025

Case ID: 250200130

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

| | |
|---|---|
| _____ | :   COURT OF COMMON PLEAS |
| *Plaintiff* | : |
| | :   _____Term, 20_____ |
| vs. | : |
| | :   No._____ |
| _____ | : |
| *Defendant* | : |

To[1]

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____



10-208 (Rev. 6/14

_____
[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

# Court of Common Pleas

_____ Term, 20 _____

No. _____

_____

*Plaintiff*

vs.

_____

*Defendant*

# SUMMONS

Case ID: 250200130

Exhibit "B"

**ZAFRAN LAW GROUP**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA  19102
Phone: 215-587-0038
Email: jared@zafranlaw.com



**MAJOR CASE**

Attorney for Plaintiff

| | | |
|---|---|---|
| **CARLA VARGAS** | : | COURT OF COMMON PLEAS |
| 911 Longshore Avenue | : | PHILADELPHIA COUNTY, PA |
| Philadelphia, PA 19111 | : | CIVIL ACTION |
| *Plaintiff* | : | |
| vs. | : | |
| | : | |
| **SYMIR YASEEN JACKSON** | : | |
| 1705 N. 18th Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| and | : | |
| | : | |
| **P/O STEWART MILLS, IV, in his** | : | No.:   250200130 |
| **individual and official capacity** | : | |
| Philadelphia Police Department | : | |
| 24th District | : | |
| 3901 Whitaker Avenue | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| and | : | |
| | : | |
| **P/O MICHAEL MORRIS, in his** | : | |
| **individual and official capacity** | : | |
| Philadelphia Police Department | : | |
| 24th District | : | |
| 3901 Whitaker Avenue | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| and | : | |
| | : | |
| **P/O JEFFERY ZAMBOROWSKI, in his** | : | |
| **individual and official capacity** | : | |
| Philadelphia Police Department | : | |
| 2nd District | : | |
| 7306 Castor Avenue | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |

Filed and Attested by the
Office of Judicial Records
14 APR 2025 10:14 am
B. MERCEDES

**P/O ERIK ROMANCZUK, in his**                              :
**individual and official capacity**                        :
Philadelphia Police Department                              :
24th District                                     :
3901 Whitaker Avenue                                        :
Philadelphia, PA 19124                                      :
                                                            :
      and                     :
                                                            :
**CITY OF PHILADELPHIA**                                    :
Risk Management Division – Claims Unit                      :
1515 Arch Street                                            :
Philadelphia, PA 19102                                      :
                                                            :
      and                     :
                                                            :
**JOHN DOE(S) 1-3** used herein to designate                :
one or more unknown parties to this incident:               :
_____                    :

## NOTICE/AVISO

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**1101 Market Street**
**Philadelphia, PA 19107**
**(215) 238-6333**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado inmediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

**Asociación De Licenciados De Filadelfia**
**Servicio de Referencia E Información Legal**
**1101 Market Street**
**Philadelphia, PA 19107**
**(215) 238-6333**

Case ID: 250200130

**ZAFRAN LAW GROUP**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA  19102
Phone: 215-587-0038
Email: jared@zafranlaw.com

**MAJOR CASE**

Attorney for Plaintiff

---

| | |
|---|---|
| **CARLA VARGAS** | : |
| 911 Longshore Avenue | : |
| Philadelphia, PA 19111 | : |
| *Plaintiff* | : |
| vs. | : |
| | : |
| **SYMIR YASEEN JACKSON** | : |
| 1705 N. 18ᵗʰ Street | : |
| Philadelphia, PA 19121 | : |
| and | : |
| **P/O STEWART MILLS, IV, in his** | : |
| **individual and official capacity** | : |
| Philadelphia Police Department | : |
| 24ᵗʰ District | : |
| 3901 Whitaker Avenue | : |
| Philadelphia, PA 19124 | : |
| and | : |
| **P/O MICHAEL MORRIS, in his** | : |
| **individual and official capacity** | : |
| Philadelphia Police Department | : |
| 24ᵗʰ District | : |
| 3901 Whitaker Avenue | : |
| Philadelphia, PA 19124 | : |
| and | : |
| **P/O JEFFERY ZAMBOROWSKI, in his** | : |
| **individual and official capacity** | : |
| Philadelphia Police Department | : |
| 2ⁿᵈ District | : |
| 7306 Castor Avenue | : |
| Philadelphia, PA 19152 | : |
| and | : |
| **P/O ERIK ROMANCZUK, in his** | : |
| **individual and official capacity** | : |
| Philadelphia Police Department | : |
| 24ᵗʰ District | : |
| 3901 Whitaker Avenue | : |
| Philadelphia, PA 19124 | : |
| and | : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA
CIVIL ACTION

No.: ___250200130___

Case ID: 250200130

**CITY OF PHILADELPHIA**                              :
Risk Management Division – Claims Unit       :
1515 Arch Street                                          :
Philadelphia, PA 19102                              :
     and                                              :
**JOHN DOE(S) 1-3** used herein to designate :
one or more unknown parties to this incident :
_____ :

## <u>CIVIL ACTION COMPLAINT</u>

### PARTIES

1.      Plaintiff, Carla Vargas, is an adult individual currently residing at the above-captioned address.

2.      Defendant, Symir Yaseen Jackson, is an adult individual currently residing at the above-captioned address.

3.       Defendant, Police Officer Stewart Mills IV (hereinafter, "Officer Mills"), is an adult individual and resident of the Commonwealth of Pennsylvania who was, at all times relevant and material hereto, a police officer with the 24th District of the Philadelphia Police Department which has their district headquarters at the above-captioned address.

4.      Defendant, Police Officer Michael Morris (hereinafter "Officer Morris"), is an adult individual and resident of the Commonwealth of Pennsylvania who was, at all times relevant and material hereto, a police officer with the 24th District of the Philadelphia Police Department which has their district headquarters at the above-captioned address.

5.       Defendant, Police Officer Jeffery Zamborowski (hereinafter "Officer Zamborowski"), is an adult individual and resident of the Commonwealth of Pennsylvania who was, at all times relevant and material hereto, a police officer with the 2nd District of the Philadelphia Police Department which has their district headquarters at the above-captioned address.

Case ID: 250200130

6.      Defendant, Police Officer Erik Romanczuk (hereinafter "Officer Romanczuk"), is an adult individual and resident of the Commonwealth of Pennsylvania who was, at all times relevant and material hereto, a police officer with the 15th District of the Philadelphia Police Department which has their district headquarters at the above-captioned address.

7.      Defendant, City of Philadelphia, is a political subdivision, also known as local agency, of the Commonwealth of Pennsylvania, duly organized and existing under the laws of the Commonwealth of Pennsylvania with offices located at the above-captioned address, and at all relevant times herein subject to the provisions providing for exceptions to local agency immunity as set forth at 42 Pa. C.S. §8542.

8.      Defendant, John Doe(s) 1-3, are designations pursuant to Pennsylvania Rule of Civil Procedure 2005 to represent the employee(s) and/or officer(s) of Defendant, City of Philadelphia, responsible for the serious injuries sustained by Plaintiff, Carla Vargas, herein, should that individual or entity be one other than those named in the caption of this Complaint and whose exact identity remains unknow to Plaintiff.

9.      At all times relevant and material hereto, Defendant(s), Officer Mills, Officer Morris, Officer Zamborowski, Officer Romanczuk, and/or John Doe(s) 1-3, were acting as the agent(s) and/or employee(s) of Defendant, City of Philadelphia, were operating their motor vehicle(s) with the express permission, knowledge, and/or authority of Defendant, City of Philadelphia, and were acting during the course and scope of their employment for the Philadelphia Police Department.

10.     Political Subdivision tort immunity is excepted at 42 Pa. C.S. §8542(b)(1), in claims relating to the negligent operation of motor vehicles owned and/or controlled by the local

3

Case ID: 250200130

agency, in this case, negligence claims asserted herein by Plaintiff, Carla Vargas, against

Defendant(s), City of Philadelphia, as more fully set forth below.

## JURISDICTION AND VENUE

11.     Plaintiff, Carla Vargas, incorporates by reference thereto paragraphs 1-10 above,

inclusive as though the same were set forth herein at length.

12.     This Court possesses subject matter jurisdiction over this matter under PA. CONST.

ART. V § 5 and 42 PA. CONS. STAT. § 931.

13.     This Court possesses personal jurisdiction over each Defendant in this matter under

42 PA. CONS. STAT. § 5322.

14.     Philadelphia County is a proper venue in this action pursuant to Pennsylvania Rules

of Civil Procedure 1006 and 2103, as the City of Philadelphia is coterminous with Philadelphia

County.

15.     The amount in controversy in this matter exceeds the amount requiring arbitration

under the local applicable rules.

## FACTS

16.     Plaintiff, Carla Vargas, incorporates by reference thereto paragraphs 1-15 above,

inclusive as though the same were set forth herein at length.

17.     On June 28, 2023, at approximately 06:10 p.m., Plaintiff, Carla Vargas, was

operating a motor vehicle traveling northbound on I Street, in the City and County of Philadelphia,

Commonwealth of Pennsylvania.

18.     At or shortly before 06:10 p.m., on June 28, 2023, Defendant, Symir Yaseen

Jackson, was operating a motor vehicle traveling westbound on E. Luzerne Street, at or near its

Case ID: 250200130

intersection with Whitaker Avenue, in the City and County of Philadelphia, Commonwealth of Pennsylvania.

19.    At the aforementioned time, date, and location, Defendant, Officer Mills, was operating a motor vehicle with Defendant, Officer Morris, aboard as a passenger in a marked police cruiser owned by the Defendant, City of Philadelphia, also traveling westbound on E. Luzerne Street, at or near its intersection with Whitaker Avenue, in the City and County of Philadelphia, Commonwealth of Pennsylvania.

20.    Upon information and belief, at the aforementioned time, date, and location, Defendant(s), Officer Miles and/or Officer Morris, observed a temporary paper tag on the motor vehicle operated by Defendant, Symir Yaseen Jackson.

21.    Upon information and belief, and with no other corroborating information, Defendant(s) Officer Miles and/or Officer Morris, believed this vehicle was stolen on June 27, 2023.

22.    Upon information and belief, at the aforementioned time, date, and location, Defendant, Symir Yaseen Jackson, crossed into the eastbound lanes of E. Luzerne Street in order to pass a motor vehicle traveling westbound on E. Luzerne Street before turning right onto northbound Whitaker Avenue while facing a steady red traffic signal.

23.    Upon information and belief, at the aforementioned time, date, and location, Defendant, Symir Yaseen Jackson, turned right from northbound Whitaker Avenue onto eastbound E. Hunting Park Avenue while facing a steady red traffic signal.

24.    Upon information and belief, Defendant(s) Officer Mills and Officer Morris, began to pursue Defendant, Symir Yaseen Jackson, at or near the intersection of Whitaker Avenue and E. Hunting Park Avenue, with the police vehicle's sirens and lights engaged.

Case ID: 250200130

25.     At all times relevant and material hereto, the area along E. Hunting Park Avenue at or near its intersection with I Street is a densely-populated residential neighborhood also consisting of commercial properties including the Hunting Park Plaza shopping center.

26.     Upon information and belief, and at the aforementioned time, date, and location, Defendant(s), Officer Mills and Officer Morris, continued to pursue Defendant, Symir Yaseen Jackson, while traveling eastbound at an excessive rate of speed on E. Hunting Park Avenue, in excess of all posted and/or applicable speed limits in the area, and in a reckless and/or careless disregard for the safety and well-being of other motorists and/or pedestrians in the area.

27.     Upon information and belief, and at the aforementioned time, date, and location, Defendant, Symir Yaseen Jackson, refused to stop and/or yield for the Defendants, Officer Mills and Officer Morris, while the officers were in pursuit of the Defendant Jackson at a high, unsafe, and/or excessive rate of speed and with their vehicle's lights and/or sirens engaged, which constituted a reckless and/or careless disregard for the safety and well-being of other motorists and/or pedestrians in the area.

28.     At the aforementioned time, date, and location, Defendant(s), Officer Zamborowski and Officer Romanczuk, were the operators and/or occupants of a police motor vehicle traveling westbound on E. Hunting Park Avenue, at or near its intersection with I Street, in the City and County of Philadelphia, Commonwealth of Pennsylvania, and were, at all times relevant and material hereto, stopped at the steady red traffic signal controlling westbound E. Hunting Park Avenue at its intersection with I Street.

29.     At the aforementioned time, date, and location, Plaintiff, Carla Vargas, was operating a motor vehicle traveling northbound on I Street, at or near its intersection with E. Hunting Park Avenue, in the City and County of Philadelphia, Commonwealth of Pennsylvania.

Case ID: 250200130

30.     At the aforementioned time, date, and location, Plaintiff, Carla Vargas, proceeded straight into the intersection of I Street and E. Hunting Park Avenue in a controlled and careful manner while traveling northbound on I Street and while facing the steady green traffic signal then controlling northbound I Street at its intersection with E. Hunting Park Avenue.

31.     At the aforementioned time, date, and location, Defendant, Symir Yaseen Jackson, while being pursued by Defendants, Officer Mills and Officer Morris, disregarded the traffic conditions and control devices present on E. Hunting Park Avenue at its intersection with I Street, including the steady red traffic signal controlling eastbound E. Hunting Park Avenue and in so doing, entered the aforesaid intersection at an excessive rate of speed and forcibly collided with the driver's side of the motor vehicle operated by Plaintiff, Carla Vargas, as Plaintiff lawfully traveled into the intersection.

32.      As a result of the initial collision, the motor vehicle operated and occupied by Plaintiff, Carla Vargas, was propelled into the stopped motor vehicles facing westbound on E. Hunting Park Avenue at its intersection with I Street, including the stopped police van operated and/or occupied by Defendants, Officer Zamborowski and Officer Romanczuk.

33.     Upon information and belief, at no time prior to the collision did Defendant(s), Officer Zamborowski and/or Officer Romanczuk, alert and/or attempt to alert Plaintiff, Carla Vargas, of the impending chase and/or collision, despite Defendants having a clear, unobstructed view of the oncoming, eastbound lanes of E. Hunting Park Avenue for several blocks prior to its intersection with I Street and despite having this pursuit broadcast over police radio.

34.     Upon information and belief, and at all times relevant and material hereto, and prior to engaging in the police pursuit with Defendant, Symir Yaseen Jackson, Defendants, Officer Mills and Officer Morris, were unaware of Defendant Jackson's identity, had not spoken to and/or

Case ID: 250200130

approached Defendant Jackson, nor had they observed Defendant Jackson engaging in a violent and/or forceful felony prior to engaging in the pursuit.

35.     Following the collision, a search was conducted on the vehicle operated by Defendant, Symir Yaseen Jackson, which found no weapons or illegal contraband, and it was further determined that the motor vehicle operated by Defendant, Symir Yaseen Jackson, was a different vehicle from the one reported stolen on June 27, 2023.

36.     Defendant, City of Philadelphia, by and through the Philadelphia Police Department, has established guidelines and/or directives, most specifically Directive 9.4, governing the acceptable circumstances upon which a Philadelphia police officer may engage in a high-speed pursuit or chase. (A true and correct copy of Directive 9.4, most recently updated on October, 28, 2022, is attached hereto as Exhibit "A").

37.     The clear language of Directive 9.4 instructs officers to primarily consider "the safety and welfare of the public, other officers, as well as the suspect(s). Every officer and supervisor must always weigh the benefits of immediate capture with the risks inherent to the pursuit itself." *See Id.*

38.     Philadelphia Police Department Directive 9.4 outlines two scenarios where a vehicle pursuit by police may be justified.

39.     Pursuant to Directive 9.4, a vehicular pursuit by police may be justified when officers are in close proximity to the suspect's vehicle and believe the pursuit is necessary to prevent death or serious bodily injury to another. *Id.*

40.     Secondly, a pursuit may be justified if the officers are in close proximity to the suspect's vehicle, believes that the pursuit is necessary to effect the arrest or prevent escape **and** the officer either has probable cause to believe that the suspect has committed or attempted a

8

Case ID: 250200130

forcible felony **or** has probable cause to believe the suspect possesses a deadly weapon used in the commission of a crime. *Id.*

41.    Additionally, Section 4 of Directive 9.4 outlines specific responsibilities for those engaged in a police pursuit. *Id.*

42.    Pursuant to Directive 9.4, the initiating/primary police unit has the responsibility to determine the necessity of commencing or terminating a police pursuit based on several factors, including, but not limited to, the location and population density of the area, proximity to areas such as shopping centers, as well as prevailing weather and road conditions. *Id.*

43.    Furthermore, pursuant to Directive 9.4, officers have the authority to self-terminate a vehicular pursuit at any time upon consideration of the present and/or changing circumstances as outlined above. *Id.*

44.    Upon information and belief, Defendants, Officer Mills and Officer Morris, engaged in an unjustifiable pursuant to the aforesaid directive(s) promulgated by the Philadelphia Police Department.

45.    Upon information and belief, Defendants, Officer Mills and Officer Morris, did not reasonably believe the pursuit was necessary to prevent the death or serious bodily injury to another.

46.    Upon information and belief, Defendants, Officer Mills and Officer Morris, did not reasonably believe the pursuit was necessary to effect the arrest or prevent escape, while also lacking probable cause to believe the suspect committed or attempted to commit a forcible felony, or that the suspect possessed a deadly weapon used in the commission of a crime.

47.    Despite lacking any information which would justify a pursuit pursuant to the directives promulgated by the Philadelphia Police Department, Defendant(s), Officer Mills and

Case ID: 250200130

Officer Morris, engaged Defendant, Symir Yaseen Jackson, in a high-speed pursuit during the evening rush hour in a densely populated residential area in close proximity to a large shopping center, even though such pursuit posed a significant risk to bystanders, pedestrians, and other motorists, including Plaintiff.

48.    By engaging in the high-speed pursuit in a residential area during evening rush hour, Defendant(s), Officer Mills and Officer Morris, affirmatively used their authority acting under the color the law to expose Plaintiff to a state-created danger to which she would not have otherwise been subjected.

49.    As a direct and proximate result of the high-speed pursuit commenced by Defendant(s), Officer Mills and Officer Morris, the motor vehicle operated by Plaintiff, Carla Vargas, was forcibly and violently struck by Defendant, Symir Yaseen Jackson, as Plaintiff lawfully traveled through the intersection of I Street and E. Hunting Park Avenue.

50.    As a direct and proximate result of the recklessness, negligence, and/or carelessness of Defendant, Symir Yaseen Jackson, the motor vehicle operated by Plaintiff, Carla Vargas, was forcibly and violently struck by Defendant, Symir Yaseen Jackson, as Plaintiff lawfully traveled through the intersection of I Street and E. Hunting Park Avenue.

51.    As a direct and proximate result of the aforesaid collision caused by the joint and/or several negligence, carelessness, and/or recklessness of Defendant(s), Plaintiff, Carla Vargas, sustained injuries throughout their body which are or may become serious and permanent, including but not limited to hip and pelvis injuries requiring surgery, including fractures to the left and right sacral ala, sacral s4 segment, right acetabular, right superior pubic ramus, left and right inferior pubic rami, and left pubis symphysis, back injuries including T5-T7 and L5 transverse process fractures, internal injuries including a left pneumothorax requiring a breathing tube, a

Case ID: 250200130

grade 3 left renal laceration with a perinephric hematoma, and a grade 2 left hepatic laceration, and head injuries resulting in a loss of consciousness, as well as other ills and injuries, all to their ongoing detriment and loss, a claim for all of which is made herein, as well as a severe, serious and permanent shock to their entire nervous system and other injuries, the full extent of which are not yet known, some of which or all of which are severe, serious and permanent in nature, all of which have caused them and will continue to cause them great pain and agony, and have prevented them and will continue in the future to prevent them from attending to their daily duties all to their great financial damage and loss.

52.    As a direct and proximate result of the above-described collision that was factually caused by the negligence of the Defendants, Plaintiff, Carla Vargas, suffered serious, severe, and/or permanent physical injuries, and/or serious impairment of bodily function, economic damages including but not limited to medical bills and out of pocket expenses, and other injuries, damages and/or losses as more fully set forth herein.

53.    As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Carla Vargas, has undergone reasonable and necessary medical treatment and rehabilitative services for the injuries they sustained, incurred various expenses for said treatment and services, and they may incur various reasonable and necessary future medical expenses from the injuries they sustained, for which these Defendants are jointly and/or severally liable, including as to any subrogation liens, a claim for which is made herein.

54.    As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Carla Vargas, has suffered a loss of past earnings and the impairment of their future earning capacity, all to their ongoing detriment and loss, a claim for which is made herein.

55.    As a further direct and proximate result of the joint and/or several negligence of

Case ID: 250200130

Defendants, Plaintiff, Carla Vargas, may hereafter incur property damage, vehicle rental and storage expenses and losses, all to their ongoing detriment and loss, a claim for which is made herein.

56.     As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Carla Vargas, may hereafter incur other financial expenses and losses, all to their ongoing detriment and loss, a claim for which is made herein.

57.     As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Carla Vargas, has suffered physical pain, aches, emotional distress and humiliation, inconveniences, and loss of enjoyment of life, and they may continue to suffer same for an indefinite time in the future, all to their ongoing detriment and loss, a claim for all of which is made herein.

58.     As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Carla Vargas, has been unable to fully attend to their daily chores, duties, occupations and activities of daily living, and/or has been rendered at least partially functionally impaired, and may continue to be for an indefinite period of time, all to their ongoing detriment and loss, a claim for which is made herein.

59.     This collision directly and proximately resulted solely from the joint and/or several negligence, recklessness, and/or carelessness of Defendants, and was due in no manner whatsoever to any act or omission of the Plaintiff, Carla Vargas, in the operation of a motor vehicle.

## COUNT I - CIVIL RIGHTS – 42 U.S.C. § 1983

### Carla Vargas v. Officer Mills, Officer Morris, Officer Zamborowski, Officer Romanczuk, City of Philadelphia, and John Doe(s) 1-3

60.     Plaintiff, Carla Vargas, incorporates by reference thereto paragraphs 1-59 above, inclusive as though the same were set forth herein at length.

Case ID: 250200130

61.     At all times relevant and material hereto, Defendants, Officer Mills, Officer Morris, Officer Zamborowski, Officer Romanczuk, and/or John Doe(s) 1-3, were employees of the Philadelphia Police Department and therefore of Defendant, City of Philadelphia, were acting under the color of state law pursuant to that authority, and are therefore subject to suit pursuant to 42 U.S.C. § 1983 for actions undertaken while acting under the color of state law.

62.     At all times relevant and material hereto, Defendants, Officer Mills, Officer Morris, Officer Zamborowski, Officer Romanczuk, and/or John Doe(s) 1-3 were acting as the agent(s) and/or employee(s) of Defendant, City of Philadelphia, therefore rending Defendant, City of Philadelphia, vicariously liable for the officers' actions by and through the doctrine of *respondeat superior*.

63.     Defendants' conduct, by engaging in an unjustified high-speed pursuit into a residential and commercial area during the evening rush hour, constituted a conscious disregard and/or deliberate indifference to the safety, well-being, and rights of others, namely the Plaintiff, Carla Vargas.

64.     Defendants' conduct, as set forth herein, created a danger and/or risk of harm to those in the position of Plaintiff, Carla Vargas, that otherwise would not have existed but for the actions of Defendants, as aforementioned.

65.     Defendants' conduct, as set forth herein, constitutes a state-created danger, as Defendants were acting under the color of state law at all times relevant hereto.

66.     Defendants' conduct, in creating a substantial and unjustifiable risk to members of the public, including the Plaintiff, herein, shocks the conscience.

13

Case ID: 250200130

67.     As a direct and proximate result of the joint and/or several negligence, carelessness, and/or recklessness of Defendants, Plaintiff, Carla Vargas, suffered the aforementioned serious and permanent bodily injuries as averred herein.

68.     Defendants' conduct, as set forth herein, violated Plaintiff's rights as guaranteed by the United States Constitution and Plaintiff is therefore entitled to the legal remedies as set forth under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff, Carla Vargas, respectfully demands judgment in their favor and against above Defendants, Officer Mills, Officer Morris, Officer Zamborowski, Officer Romanczuk, City of Philadelphia, and/or John Doe(s) 1-3, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

## COUNT II – CIVIL RIGHTS – 42 U.S.C. § 1983 (*Monell Claim*)

### Carla Vargas v. City of Philadelphia

69.     Plaintiff, Carla Vargas, incorporates by reference thereto paragraphs 1-68 above, inclusive as though the same were set forth herein at length.

70.     Defendant, City of Philadelphia, as a local government, qualifies as a "person" subject to direct liability pursuant to 42 U.S.C. § 1983.

71.     At all times relevant and material hereto, Defendant, City of Philadelphia, acted under the color of state law.

72.     At all times relevant and material hereto, Defendant, City of Philadelphia, was acting as a policymaker, whose directives, declarations, and/or pronouncements were given the effect of state law.

14

Case ID: 250200130

73.    At all times relevant and material hereto, Defendant, City of Philadelphia, promulgated policies, regulations, directives, and/or declarations governing police pursuits, which were violated by Defendant(s), Officer Mills and Officer Morris, when they engaged Defendant Jackson in a high-speed pursuit in a residential area during the evening rush hour, thereby causing a violation of Plaintiff's rights under the Constitution. *See* 42 U.S.C. § 1983, *Monell v. Dep't of Soc'l Serv's,* 436 U.S. 658 (1978) and their progeny.

74.    As a direct and proximate result of the failure of Defendant, City of Philadelphia, to sufficiently train its police officers and/or to promulgate adequate policies or practices to prevent the aforementioned collision, Plaintiff, Carla Vargas, suffered the aforementioned serious and permanent bodily injuries as averred herein.

**WHEREFORE**, Plaintiff, Carla Vargas, respectfully demands judgment in their favor and against above Defendant, City of Philadelphia, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

## <u>COUNT III – NEGLIGENCE</u>

### Carla Vargas v. Officer Mills and Officer Morris

75.    Plaintiff, Carla Vargas, incorporates by reference thereto paragraphs 1-74 above, inclusive as though the same were set forth herein at length.

76.    At all times relevant and material hereto, Defendants, Officer Mills and Officer Morris, were acting as agents and/or employees of the Philadelphia Police Department and therefore of Defendant, City of Philadelphia.

77.    The individual, joint and/or several negligence and/or recklessness of Defendant(s), Officer Mills and Officer Morris, consisted of the following:

15

Case ID: 250200130

(a)    Engaging Defendant Jackson in an unjustifiable police pursuit pursuant to Directive 9.4;

(b)    Engaging Defendant Jackson in a police pursuit without the reasonable belief that the pursuit was necessary to prevent death or serious bodily injury;

(c)    Engaging Defendant Jackson in a police pursuit without probable cause to believe the suspect committed or attempted to commit a forcible felony or possessed a deadly weapon;

(d)    Engaging in a police pursuit with a suspect headed towards an area which Defendants knew or, in their experience, should have known was densely populated with stores, shopping centers, in heavily-traveled intersections;

(e)    Engaging in a police pursuit during the evening rush hour;

(f)    Failing to continually monitor the circumstances the determine if the necessity for the police pursuit outweighed the risk to members of the public, including Plaintiff;

(g)    Failing to radio nearby units in a timely manner to notify them of the pursuit; and,

(h)    Failing to self-terminate the police pursuit in the interest of public safety.

78.    As a direct and proximate result of the joint and/or several negligence, carelessness, and/or recklessness of Defendants, Plaintiff, Carla Vargas, suffered the aforementioned serious and permanent bodily injuries as averred herein.

79.    The conduct of Defendants, by engaging the suspect in a high-speed vehicle pursuit during the evening rush hour while in a densely-populated residential area in the vicinity of stores and shopping centers represented a reckless indifference to the safety and well-being of others, including the Plaintiff, Carla Vargas, herein.

80.    Plaintiff, Carla Vargas, is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff, Carla Vargas, respectfully demands judgment in their favor and against above Defendants, Officer Mills and Officer Morris, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and

16

Case ID: 250200130

damages for delay.

## <u>COUNT IV – NEGLIGENCE</u>

### Carla Vargas v. Officer Zamborowski and Officer Romanczuk

81.    Plaintiff, Carla Vargas, incorporates by reference thereto paragraphs 1-80 above, inclusive as though the same were set forth herein at length.

82.    At all times relevant and material hereto, Defendants, Officer Zamborowski and Officer Romanczuk, were acting as agents and/or employees of the Philadelphia Police Department and therefore of Defendant, City of Philadelphia.

83.    The individual, joint and/or several negligence and/or recklessness of Defendant(s), Officer Zamborowski and Officer Romanczuk, consisted of the following:

    (a)    Failing to notify nearby motorists and/or pedestrians of the impending police pursuit;

    (b)    Failing to alert motorists of the impending police pursuit, of which Defendants had a clear, unobstructed view;

    (c)    Failing to render timely aid to Plaintiff;

    (d)    Failing to take any obstructive action to prevent Plaintiff, who was unaware of the impending police pursuit, from entering the intersection; and,

    (e)    Failing to utilize any auditory and/or visual signals and/or indications in their capacity as police officers to prevent traffic from entering the aforesaid intersection.

84.    As a direct and proximate result of the joint and/or several negligence, carelessness, and/or recklessness of Defendants, Plaintiff, Carla Vargas, suffered the aforementioned serious and permanent bodily injuries as averred herein.

85.    The conduct of Defendants, by failing to alert nearby motorists such as Plaintiff of the impending police pursuit, represented a reckless indifference to the safety and well-being of others, including the Plaintiff, Carla Vargas, herein.

17

Case ID: 250200130

86.    Plaintiff, Carla Vargas, is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff, Carla Vargas, respectfully demands judgment in their favor and against above Defendants, Officer Zamborowski and Officer Romanczuk, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

## COUNT V – NEGLIGENCE

### Carla Vargas v. John Doe(s) 1-3

87.    Plaintiff, Carla Vargas, incorporates by reference thereto paragraphs 1-86 above, inclusive as though the same were set forth herein at length.

88.    At all times relevant and material hereto, Defendants, John Doe(s) 1-3, were acting as agents and/or employees of the Philadelphia Police Department and therefore of Defendant, City of Philadelphia.

89.    The individual, joint and/or several negligence and/or recklessness of Defendant(s), John Doe(s) 1-3, consisted of the following:

(a)    Engaging Defendant Jackson in an unjustifiable police pursuit pursuant to Directive 9.4;

(b)    Engaging Defendant Jackson in a police pursuit without the reasonable belief that the pursuit was necessary to prevent death or serious bodily injury;

(c)    Engaging Defendant Jackson in a police pursuit without probable cause to believe the suspect committed or attempted to commit a forcible felony or possessed a deadly weapon;

(d)    Engaging in a police pursuit with a suspect headed towards an area which Defendants knew or, in their experience, should have known was densely populated with stores, shopping centers, in heavily-traveled intersections;

(e)    Engaging in a police pursuit during the evening rush hour;

(f)    Failing to continually monitor the circumstances the determine if the necessity for the police pursuit outweighed the risk to members of the

Case ID: 250200130

public, including Plaintiff;

(g)     Failing to radio nearby units in a timely manner to notify them of the pursuit;

(h)     Failing to self-terminate the police pursuit in the interest of public safety.

(i)     Failing to notify nearby motorists and/or pedestrians of the impending police pursuit;

(j)     Failing to alert motorists of the impending police pursuit, of which Defendants had a clear, unobstructed view;

(k)     Failing to render timely aid to Plaintiff;

(l)     Failing to take any obstructive action to prevent Plaintiff, who was unaware of the impending police pursuit, from entering the intersection; and,

(m)     Failing to utilize any auditory and/or visual signals and/or indications in their capacity as police officers to prevent traffic from entering the aforesaid intersection.

90.     As a direct and proximate result of the joint and/or several negligence, carelessness, and/or recklessness of Defendants, Plaintiff, Carla Vargas, suffered the aforementioned serious and permanent bodily injuries as averred herein.

91.     The conduct of Defendants, John Doe(s) 1-3, as averred above, represented a reckless indifference to the safety and well-being of others, including the Plaintiff, Carla Vargas, herein.

92.     Plaintiff, Carla Vargas, is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff, Carla Vargas, respectfully demands judgment in their favor and against above Defendants, John Doe(s) 1-3, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

Case ID: 250200130

## COUNT VI – NEGLIGENCE

### Carla Vargas v. City of Philadelphia

93.     Plaintiff, Carla Vargas, incorporates by reference thereto paragraphs 1-92 above, inclusive as though the same were set forth herein at length.

94.     At all times relevant and material hereto, Defendants, Officer Mills, Officer Morris, Officer Zamborowski, Officer Romanczuk, and/or John Doe(s) 1-3, were acting as agents and/or employees of the Philadelphia Police Department and therefore of Defendant, City of Philadelphia.

95.     The individual, joint and/or several negligence and/or recklessness of the aforesaid Defendants is imputed upon the Defendant, City of Philadelphia, by and through the doctrine of *respondeat superior*, and consisted of the following:

    (a)    Engaging Defendant Jackson in an unjustifiable police pursuit pursuant to Directive 9.4;

    (b)    Engaging Defendant Jackson in a police pursuit without the reasonable belief that the pursuit was necessary to prevent death or serious bodily injury;

    (c)    Engaging Defendant Jackson in a police pursuit without probable cause to believe the suspect committed or attempted to commit a forcible felony or possessed a deadly weapon;

    (d)    Engaging in a police pursuit with a suspect headed towards an area which Defendants knew or, in their experience, should have known was densely populated with stores, shopping centers, in heavily-traveled intersections;

    (e)    Engaging in a police pursuit during the evening rush hour;

    (f)    Failing to continually monitor the circumstances the determine if the necessity for the police pursuit outweighed the risk to members of the public, including Plaintiff;

    (g)    Failing to radio nearby units in a timely manner to notify them of the pursuit;

    (h)    Failing to self-terminate the police pursuit in the interest of public safety.

    (i)    Failing to notify nearby motorists and/or pedestrians of the impending police pursuit;

20

      (j)     Failing to alert motorists of the impending police pursuit, of which Defendants had a clear, unobstructed view;

      (k)    Failing to render timely aid to Plaintiff;

      (l)     Failing to take any obstructive action to prevent Plaintiff, who was unaware of the impending police pursuit, from entering the intersection; and,

      (m)   Failing to utilize any auditory and/or visual signals and/or indications in their capacity as police officers to prevent traffic from entering the aforesaid intersection.

96.    As a direct and proximate result of the joint and/or several negligence, carelessness, and/or recklessness of Defendants, Plaintiff, Carla Vargas, suffered the aforementioned serious and permanent bodily injuries as averred herein.

97.    The conduct of Defendants as averred above, represented a reckless indifference to the safety and well-being of others, including the Plaintiff, Carla Vargas, herein.

98.    Plaintiff, Carla Vargas, is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff, Carla Vargas, respectfully demands judgment in their favor and against above Defendants, City of Philadelphia, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

## <u>COUNT VII – NEGLIGENCE</u>

### <u>Carla Vargas v. Symir Yaseen Jackson</u>

99.    Plaintiff, Carla Vargas, incorporates by reference thereto paragraphs 1-96 above, inclusive as though the same were set forth herein at length.

100.   The negligence, recklessness, and/or carelessness of the Defendant, Symir Yaseen Jackson, consisted of the following:

Case ID: 250200130

     (a)      Failing to stop at a steady red traffic signal, in violation of Section 3112 of the Motor Vehicle Code, 75 Pa.C.S. §3112;

     (b)      Operating a motor vehicle with a careless disregard for the safety and well-being of other motorists, in violation of Section 3714 of the Motor Vehicle Code, 75 Pa.C.S. §3714;

     (c)      Operating a motor vehicle with a reckless disregard for the safety and well-being of other motorists, in violation of Section 3736 of the Motor Vehicle Code, 75 Pa.C.S. §3736;

     (d)      Fleeing, eluding, and/or attempting to flee or elude a police officer in pursuit, in violation of Section 3733 of the Motor Vehicle Code, 75 Pa.C.S. §3733;

     (e)      Failing to notice the motor vehicle operated by Plaintiff was traveling into the intersection with the steady green traffic signal;

     (f)      Failing to operate a motor vehicle in accordance with existing traffic conditions and traffic controls;

     (g)      Failing to operate a motor vehicle under proper and adequate control;

     (h)      Failing to apply the vehicle's brakes in a timely manner before colliding with the motor vehicle operated by Plaintiff;

     (i)      Operating a motor vehicle at a speed that was excessive under the conditions and circumstances there existing;

     (j)      Failing to keep a proper lookout for other motor vehicles lawfully on the roadway;

     (k)      Operating a vehicle at a speed greater than was reasonable and prudent under the conditions then and there existing, in violation of Section 3361 of the Motor Vehicle Code, 75 Pa.C.S. §3361; and,

     (l)      Operating a vehicle at a speed greater than would permit them to bring the vehicle to a stop within the assured clear distance ahead, in violation of Section 3361 of the Motor Vehicle Code, 75 Pa.C.S. §3361.

101.    As a direct and proximate result of the joint and/or several negligence, carelessness, and/or recklessness of Defendant, Symir Yaseen Jackson, Plaintiff, Carla Vargas, suffered the aforementioned serious and permanent bodily injuries as averred herein.

22

Case ID: 250200130

102.    The conduct of Defendant, Symir Yaseen Jackson, in failing to stop while pursued by marked police officers, represented a reckless indifference to the safety and well-being of others, including the Plaintiff, Carla Vargas, herein.

103.    Plaintiff, Carla Vargas, is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff, Carla Vargas, respectfully demands judgment in their favor and against above Defendants, Symir Yaseen Jackson, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

**ZAFRAN LAW GROUP**

BY:    /s/ *Jared S. Zafran, Esquire*
       JARED S. ZAFRAN, ESQUIRE
       Attorney for Plaintiff

Case ID: 250200130

## **VERIFICATION**

I, Carla Vargas, state that I am the Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

_____
Carla Vargas

Date:    2025-04-11

24

Case ID: 250200130

Exhibit "C"

City of Philadelphia Law Department                    Attorney for Defendant
Derek Kane, Esquire
Senior Attorney
Attorney Identification No. 316941
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5374
(215) 683-5397 (fax)
derek.kane@phila.gov

| | |
|---|---|
| **CARLA VARGAS,** : | **PHILADELPHIA COUNTY** |
| : | **COURT OF COMMON PLEAS** |
| **Plaintiff,** : | |
| : | **FEBRUARY TERM 2025** |
| **v.** : | **No. 250200130** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendant, City of Philadelphia, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

Date:  May 1, 2025                    */s/ Derek Kane*
                                       Derek Kane, Esquire

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CARLA VARGAS | City of Philadelphia, et al. |

| (b) County of Residence of First Listed Plaintiff **Philadelphia** | County of Residence of First Listed Defendant **Philadelphia** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Jared S. Zafran, Esquire<br>1500 Walnut Street, Suite 500<br>Philadelphia, PA 19102 | Derek Kane<br>1515 Arch Street<br>Philly, PA 19102 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION** | | | |
| | | ☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
alleged violation of the Plaintiff's rights under the US Constitution, state created danger theory

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/01/2025 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____ Philadelphia, PA _____

---

***RELATED CASE IF ANY:*** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?
   If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ⦿ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
⦿ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ⦿ **does not** have implications beyond the parties before the court and ☐ **does** / ⦿ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

⦿ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.